O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMINA RODRIGUEZ, <br><br>             Plaintiff, <br><br>        vs. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br>             Defendant. | Case No. EDCV 12-0673 RNB <br><br> ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation, which is whether the Administrative Law Judge ("ALJ") erred at Step Five of the Commissioner's sequential evaluation process. Specifically, plaintiff contends that the record before the ALJ did not support a finding that plaintiff was literate and consequently a finding of disability as of plaintiff's 50th birthday was mandated by Grid Rule 202.09 of the Commissioner's Medical-Vocational Guidelines. (See Jt Stip at 4-9, 12.)[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has (continued...)

1

1     The Commissioner's regulations define "illiteracy" as "the inability to read or
2 write." See 20 C.F.R. §§ 404.1564(b)(1), 416.964(b)(1). "We consider someone
3 illiterate if the person cannot read or write a simple message such as instructions or
4 inventory lists even though the person can sign his or her name." Id. Further, under
5 the Ninth Circuit's construction of the regulations, "illiteracy" means illiteracy in
6 English. See Chavez v. Department of Health and Human Services, 103 F.3d 849,
7 852 (9th Cir. 1996); see also Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000).
8 The Commissioner "bears the burden of establishing that [the claimant] is literate."
9 See Silveira, 204 F.3d at 1261. A claimant's ability orally to communicate in English
10 does not mean that the claimant is literate. See id. at 1261 n.13.
11     Here, one of the ALJ's findings was that plaintiff "is able to communicate in
12 English." (See AR 31.) In support of this finding, the ALJ made the following single
13 statement: "The claimant testified that she could speak, read and write only simple
14 English words." (See id.)
15     Plaintiff does not dispute that she can communicate in English, but she does
16 dispute the ALJ's implied finding that she was literate. The only testimony by
17 plaintiff to which the ALJ could have been referring when he made the foregoing
18 statement about plaintiff's reading and writing ability was the following disjointed
19 testimony from the first administrative hearing (see AR 45-47)[2]:
20 Q     *Okay. By the way, how long have you been in the United States?*
21 A     *Since 1972.*
22 Q     *I notice you speak some English.*
23
24 ───────────
25     [1](...continued)
26 determined which party is entitled to judgment under the standards set forth in 42
   U.S.C. § 405(g).
27
       [2]     The ALJ summarized this testimony at the second administrative
28 hearing. (See AR 70.)

2

| | | |
|---|---|---|
| 1 | A | Yes.  And I'm learning more now. |
| 2 | Q | You're really what? |
| 3 | A | And I'm learning more now. |
| 4 | Q | More now.  Learning more now.  Are you going to school now? |
| 5 | A | I'm learning more English from the radio, television.  And my family -- I mean |
| 6 | | I'm from here. |
| 7 | Q | Can you read and write some English, also? |
| 8 | A | A little, but I don't feel, you know, sure. |
| 9 | Q | Comfortable. |
| 10 | A | I feel like it's a disability, like you have to repeat things to me and then I just |
| 11 | | can't get it, so you have to repeat it again. |
| 12 | | ******************************************* |
| 13 | Q | Did you always live in California? |
| 14 | A | Yes.  The last -- 1972. |
| 15 | Q | And did you go to school in California at all? |
| 16 | A | For six months, when I got here in this country, elementary and then I think |
| 17 | | just a few months in junior high.  Then work.  And now, I learn more in the |
| 18 | | school, where I was working.  My last job. |
| 19 | Q | Well, you can you read and write Spanish okay? |
| 20 | A | Not too much grammar, but I can -- |
| 21 | Q | In Spanish. |
| 22 | A | The Spanish, English some words or -- but not fluent, you know, like -- |
| 23 | Q | Not fluent. |
| 24 | A | No. |
| 25 | Q | But you can -- are you fluent in writing and reading Spanish? |
| 26 | A | As my -- how do say that -- |
| 27 | Q | Primary.  Your primary -- |
| 28 | A | My primary -- |

*Q     -- language.*

Even if plaintiff's response through the interpreter, " a little," to the ALJ's question, "Can you read and write some English" (see AR 45), coupled with plaintiff's later reference to "some" English words in her response to the ALJ's question, "Well, can you read and write Spanish okay?" supported an inference that plaintiff could "read and write only simple English words," nothing in plaintiff's testimony supported the ALJ's implied finding that she was capable of reading and writing in English a simple message such as instructions or inventory lists, which is how the Commissioner's regulations distinguish a literate person from an illiterate person.  The Court concurs with plaintiff that writing messages and coherent instructions requires a greater ability than writing simple words, and that the same is true for reading messages and instructions.

Moreover, other courts have found that similarly scant evidence of a plaintiff's ability to read and write in English falls short of carrying the Commissioner's burden of establishing literacy.  See, e.g., Barrera v. Astrue, 2012 WL 5381645, at *2 (C.D. Cal. Nov. 1, 2012) (burden not met where the only direct evidence that plaintiff could read and write in English consisted of plaintiff's vague response "Yeah, some" to the ALJ's question regarding whether plaintiff could read or write "short, simple words, like 'go,' [and] 'stop,'" and where there also was evidence that plaintiff used some English at work and went to English-speaking "classes," but the record did not disclose whether plaintiff's work or her classes required reading and writing.); Obispo v. Astrue, 2012 WL 4711763, at *4 (C.D. Cal. Oct. 3, 2012) (burden not met where plaintiff testified that he could read and speak "a little bit" of English, but it was unclear what plaintiff meant by "a little bit" or how significant this evidence was in relation to the other evidence of plaintiff's English skills, which reflected that plaintiff consistently required the assistance of an interpreter); Franco v. Astrue, 2012 WL 3638609, at *13-*14 (C.D. Cal. Aug. 23, 2012) (burden not met where plaintiff

answered, "[a] little bit yes, but I don't write it-I write it in my form of Spanish," when asked if plaintiff could read in English); Calderon v. Astrue, 2009 WL 3790008, at *9-*10 (E.D. Cal. Nov. 10, 2009) (burden not met where plaintiff testified, "I can read a little bit and I can write a little bit, not much"; court reasoned that "[a] vague response of '[a] little bit' in response to whether or not a claimant can read or write English is insufficient to establish that Plaintiff can read or write a simple message in the English language.").

The Commissioner contends that plaintiff's past relevant work in such occupations as custodian, house cleaner, and stacker, which are classified by the Dictionary of Occupational Titles ("DOT") as Language Level 1 jobs, supports the ALJ's finding that plaintiff possessed sufficient literacy to read or write a simple message. (See Jt Stip at 10.) The fallacy of this contention is that the Commissioner is unable to cite any evidence in the record that plaintiff actually performed any of her past relevant work with the language level described by the DOT.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985). //

1     The Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the ALJ's failure to fully develop the record with respect to the issue of plaintiff's literacy and his failure to meet the Commissioner's burden with respect to that issue.

    Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: February 5, 2013

                                                             ROBERT N. BLOCK
                                                             UNITED STATES MAGISTRATE JUDGE

---

[3]     It is not the Court's intent to limit the scope of the remand.